IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA DOYLE, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SENSIO, INC. d/b/a BELLA, a foreign corporation,<br><br>　　　　　　　　　Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY |

## I.　COMPLAINT

COMES NOW the Plaintiff, Lisa Doyle (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, Johnson Becker, PLLC and Diamond Massong, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendant SENSIO, INC. d/b/a BELLA (hereafter referred to as "Defendant Bella"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## II.　NATURE OF THE CASE

1.　This is a product liability action based upon causes of action under the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et. seq.*, for strict liability,

negligence, breach of implied warranties, etc., seeking recovery for substantial personal injuries and damages suffered by Plaintiff.

2. Defendant Bella designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Bella 5qt Pressure Cooker," which specifically includes the model number JY-PC20US-5P (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

3. Defendant Bella boasts that its pressure cookers feature an "[e]xtremely safe and secure locking system"[1] or "safety valve" which creates "added safety and control" and allows the consumer to "cook a variety of foods."[2] Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

---

[1] See https://bellahousewares.com/products-bella/5qt-pressure-cooker/ (last accessed November 1, 2020).
[2] Id.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY - 2

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

5. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant Bella's conduct, Plaintiff incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### III.    PLAINTIFF LISA DOYLE

7. Plaintiff is a resident and citizen of the city of Seattle, County of King, State of Washington.

8. On or about May 24, 2018, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety valve,"[3] which purports to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

---

[3] *See generally* Bella 5qt Pressure Cooker Model No. JY-PC20US-5P Owner's Manual, attached hereto as Exhibit A an incorporated by reference.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY - 3

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

## IV. DEFENDANT SENSIO, INC. D/B/A BELLA

9. Defendant Bella designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products, including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

10. Defendant Bella is a Canadian corporation, with a principal place of business located at 610 East River Road, Suite 260, New Glasgow, Nova Scotia B2H 3S2.

## V. JURISDICTION AND VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Jurisdiction in this Court is also proper in that Defendant Bella has established sufficient minimum contacts with the State of Washington through the sale and distribution of its products.

## VI. FACTUAL BACKGROUND

14. Defendant Bella is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY - 4

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

15. Defendant Bella boasts that its pressure cookers feature an "[e]xtremely safe and secure locking system"[4] or "safety valve" which creates "added safety and control" and allows the consumer to "cook a variety of foods."[5] Defendant Bella also claims that the "Bella 6Qt pressure cooker is the latest generation multi-use kitchen appliance"[6] and that it features a "unique pressure release button to quickly expel pressure" to purportedly protect the user from hot steam.

16. According to the owner's manual accompanying each individual unit sold, the pressure cookers feature a "safety valve," which purportedly keeps the lid from the pressure cooker from opening once pressurize. Specifically:

> WHEN COOKING UNDER PRESSURE, THE PRESSURE COOKER CANNOT BE OPENED ONCE PRESSURE IS REACHED. DO NOT TRY TO FORCE THE LID OPEN.[7]

17. By reason of the forgoing acts or omissions, the above-named Plaintiff and her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant Bella.

---

[4] See https://bellahousewares.com/products-bella/5qt-pressure-cooker/ (last accessed November 1, 2020).
[5] Id.
[6] Id.
[7] See Bella 5qt Pressure Cooker Model No. JY-PC20US-5P Owner's Manual, pg.6.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY - 5

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

19. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant Bella in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20. Defendant Bella's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Further, Defendant Bella's representations about "safety" are not just misleading, but they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

22. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

23. Defendant Bella knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant Bella continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers.

24. As a direct and proximate result of Defendant Bella's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY - 6

DiamondMassong, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the pressure cooker.

25. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant Bella's pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## VII.  CLAIMS FOR RELIEF

### COUNT I - STRICT PRODUCTS LIABILITY

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

27. This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et. seq.*

28. At the time of Plaintiff's injuries, Defendant Bella's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29. Defendant Bella's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant Bella.

30. Plaintiff did not misuse or materially alter the pressure cooker.

31. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

a. The pressure cookers designed, manufactured, sold, and supplied by Defendant Bella were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant Bella failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant Bella failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendant Bella failed to adequately test the pressure cookers; and

f. Defendant Bella failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

33. Defendant Bella's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant Bella for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II - NEGLIGENCE

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

35. This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et. seq.*

36.     Defendant Bella had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

37.     Defendant Bella failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant Bella knew or should have known that said pressure cookers created a high risk of unreasonable harm to Plaintiff and consumers alike.

38.     Defendant Bella was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

39.     Despite the fact that Defendant Bella knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant Bella continued to market (and continue to do so) its pressure cookers to the general public.

WHEREFORE, Plaintiff demands judgment against Defendant Bella for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III - BREACH OF EXPRESS WARRANTY

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et. seq.*

42. Defendant Bella expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiff. Moreover, Defendant Bella expressly warranted that the lid of the pressure cooker could not be removed while the unit remained pressurized. For example:

> WHEN COOKING UNDER PRESSURE, THE PRESSURE COOKER CANNOT BE OPENED ONCE PRESSURE IS REACHED. DO NOT TRY TO FORCE THE LID OPEN. [8]

43. Members of the consuming public, including consumers such as Plaintiff were the intended third-party beneficiaries of the warranty.

44. Defendant Bella marketed, promoted and sold its pressure cookers as a safe product, complete with "safety features".

45. Defendant Bella's pressure cookers do not conform to this express representation because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

---

[8] *Id.*

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY - 10

46. Defendant Bella breached its express warranties in one or more of the following ways:

   a. The pressure cookers as designed, manufactured, sold and/or supplied by Defendant Bella, were defectively designed and placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition;

   b. Defendant Bella failed to warn and/or place adequate warnings and instructions on its pressure cookers;

   c. Defendant Bella failed to adequately test its pressure cookers; and

   d. Defendant Bella failed to provide timely and adequate post-marketing warnings and instructions after it knew the risk of injury from its pressure cookers.

47. Plaintiff in this case and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

48. Plaintiff's injuries were the direct and proximate result of Defendant Bella's breach of its express warranties.

WHEREFORE, Plaintiff demands judgment against Defendant Bella for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

### COUNT IV - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

49. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

50. This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et. seq.*

51. Defendant Bella manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

52. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

53. Defendant Bella's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

54. Plaintiff in this case reasonably relied on Defendant Bella's representations that its pressure cookers were a quick, effective and safe means of cooking.

55. Defendant Bella's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant Bella for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

### COUNT V - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

57. This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et. seq.*

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY - 12

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

58. At the time Defendant Bella marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendant Bella warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

59. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

60. Defendant Bella's pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

61. Plaintiff in this case and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

62. Defendant Bella's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

WHEREFORE, Plaintiff demands judgment against Defendant Bella for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## VIII. INJURIES & DAMAGES

63. As a direct and proximate result of Defendant Bella's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident on May 24, 2018. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount to be proven at trial.

64. As a direct and proximate result of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident on May 24, 2018. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

65. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered as a result of the incident on May 24, 2018. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount to be proven at trial.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Bella for damages, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a. judgment for Plaintiff and against Defendant;

   b. damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of Defendant's pressure cooker;

   c. pre and post judgment interest at the lawful rate;

   d. a trial by jury on all issues of the case;

   e. an award of attorneys' fees; and

   f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including, but not limited to, all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY - 14

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

## X. JURY DEMAND

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

Respectfully submitted this 20th day of May 2021.

DIAMOND MASSONG, PLLC

By: /s/ Maria S. Diamond
Maria S. Diamond, WSBA No. 13472
1215 Fourth Avenue, Suite 1275
Seattle Washington 98161
(206) 445-1258
Facsimile: (206) 445-1257
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

s/Adam J. Kress
Adam J. Kress, Esq., MN ID No. 0397289
*Pro Hac Vice Application to be filed*
Kenneth W. Pearson, MN ID No. 0258696
*Pro Hac Vice Application to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
Facsimile: (612) 436-1801
akress@johnsonbecker.com
kpearson@johnsonbecker.com

ATTORNEYS FOR PLAINTIFF